# CHARLESTON.

MAXWELL *v.* MILLER, *et al.*

Submitted June 13, 1893.—Decided November 18, 1893.

1. PRINCIPAL AND SURETIES—SHERIFF.

Where a defaulting, insolvent ex-sheriff with the proceeds of taxes collected by him, has taken up a large number of county-orders, and, instead of having them credited as payments on his arrearage, is engaged in secretly selling and transferring them to various persons, who are trying to collect them again from the county, at the instance of the sureties of such ex-sheriff a court of equity will interfere and compel the application of such orders to the relief of such sureties.

A. B. PARSONS for appellant County Court cited Code, c. 39, s. 34; 43 N. W. Rep. 690.

DAYTON & DAYTON for appellant Tygart's Valley Bank cited Code, c. 39, s. 37, 38, 39, 34.

C. W. DAILEY for appellee cited 30 W. Va. 359, point 7 of Syll.; 36 W. Va. 681; Story Eq. Jur. §§ 317, 639, 849, 826 *et seq.*; 1 Bart. Ch'y Prac. 282; 9 Gratt. 398, 404; Code, c. 39, s. 37, 42; Id. c. 99, s. 7; Id. c. 41, s. 56; 20 W. Va. 351; 29 W. Va. 806; 33 W. Va. 556; Code, c. 104, s. 19; 2 Tucker, side p. 156; 16 S. E. Rep. No. 10; 1 Dan. Neg. Inst. § 427; 19 Wall. 468; 19 Wall. 485; 103 U. S. 74; 103 U. S. 559.

DENT, JUDGE:

M. V. Miller was sheriff of Tucker county for the term of office from January 1, 1885, until the 31st of December, 1888, and as such sheriff executed a general bond in the penalty of thirty thousand dollars, with the plaintiff, W. B. Maxwell, and the defendants William H. Lipscomb, Levi

Lipscomb, E. Harper, John R. Loughery and John J. Adams, as sureties therein; and also a school-bond in the penalty of ten thousand dollars with the defendants, A. C. Minear and John H. Deetz as his sureties. Said Miller was also made trustee in a deed of trust executed by Robert Geisberger, and as such was required to execute a bond in the penalty of five thousand dollars, which he did with the plaintiff, W. B. Maxwell, and A. C. Minear and F. S. Pifer as sureties.

At the expiration of his term of office the settlements of said Miller showed he was in arrear to the state to the amount of one thousand four hundred and seventy dollars and forty six cents, to the County Court of Tucker county to the amount of three thousand two hundred and seven dollars and forty nine cents, to the several boards of education to the amount of two thousand two hundred and fifty six dollars and ninety eight cents; aggregating the sum of six thousand nine hundred and thirty four dollars and forty six cents. As trustee for said Geisberger he owed the sum of two thousand three hundred and five dollars and twenty one cents. To secure these several sums he executed a deed of trust or assignment of certain property to A. J. Valentine, trustee, but insufficient in amount to pay them. Maxwell Harper, and Adams, sureties, were compelled to pay the amount due the state, and Maxwell paid the amount due on the Geisberger trust-deed. The County Court and the several boards of education instituted suits at law against said sureties, and the latter recovered judgments. The amount of money realized by said trustee Valentine was in his hands undisbursed.

And so matters stood when one of the sureties, the plaintiff in this suit, learned that said Miller had a large amount of county and district orders, taken up by him with the public funds in his hands, which he was selling and transferring to other parties, who were trying to get payment of them out of the present sheriff, A. H. Bonnifield. He immediately filed his bill setting up these facts, and asking the aid of the court in compelling said Miller to disclose the amount of these orders, and to whom he had

transferred them, and asking that they be applied as a credit on the indebtedness of said Miller to the county, and also praying that A. H. Bonnifield, sheriff, be.enjoined from paying any of them.

He afterwards filed two amended bills making the assignees of certain of these orders parties, and praying that the County Court be stayed in its suit at law until these matters could be properly heard and determined, and that Miller be stayed from dismissing certain *certiorari* proceedings instituted by him to obtain credit for certain judgments against the county which had been paid by him.

The Circuit Court heard all these matters, overruled the demurrers to the bills, refused to dissolved the injunction on motion of the County Court, referred the case to a commissioner, and on the coming in of his report overruled the exceptions to it, confirmed it, and entered a decree settling the various matters between the parties, ascertained the balance due the County Court, which was promptly paid by the sureties.

The County Court, the only appellant, relies on the following assignment of errors, to wit:

"First. The court erred in overruling petitioner's demurrer to said bill and amended bills.

"Second. The court erred in not dissolving said injunction at the November term, upon petitioner's motion.

"Third. The court erred in referring said cause to said commissioner.

"Fourth. The court erred in overruling said petitioner's exceptions, and each of them, to said commissioner's report as well as overruling the numerous exceptions of other defendants in said action.

"Fifth. The court erred in pronouncing said final decree in said cause at the March term, 1892, in this: that said court had no right to offset the demands of the County Court with orders or drafts aggregating the sum of one thousand and thirty one dollars and thirty one cents, with interest thereon to the amount of one hundred and sixty eight dollars and sixty two cents, aggregating in all one thousand one hundred and ninety nine dollars and ninety three cents, claimed to have been taken up by M. V. Mil-

ler, late sheriff, after his term of office had expired, and after his last final settlement, which said orders and drafts had been indorsed by A. H. Bonnifield, sheriff of Tucker county, the agent of the County Court. Said Circuit Court had no right to decree against petitioner two hundred and forty four dollars and nine cents, the judgment in behalf of Miller and other parties in the *mandamus* case lately pending in the supreme court of Miller against said County Court, and also in certain *certiorari* proceedings pending on the law side of the Circuit Court of Tucker county, which *certioraris* were improvidently awarded, two years having elapsed before the same were granted, and more.

"Sixth. The court erred in decreeing costs against the petitioner.

"Seventh. The court erred in ousting the jurisdiction of the law side of said court in the notice against Miller and his sureties and the *certiorari* proceedings by assuming jurisdiction of them in chancery in this cause, without authority of law, and by enjoining further proceedings there at law.

"Eighth. The court erred in entering said decree either for or against any of the boards of education of said county, none of said boards being parties to said suit. And your petitioner, by its attorney, further represents that said orders and decrees are are in other respects uncertain, informal, and erroneous."

As to the eighth assignment of error, there is nothing in it. The boards of education were not necessary parties, because no relief was sought against them. The seventh is unfounded, because the court had the right to control the proceedings at law for the furtherance of justice. The sixth there is nothing in, as the defeated defendant, who interposes a vigorous defence unnecessarily, should pay the costs. Fifth. The County Court ought not to complain on account of its own just orders being credited up against the amount due it, even though held by other parties by assignment, if the latter make no complaint. As to the two hundred and forty four dollars and nine cents aggregate of judgments against the county, paid by Miller, the

record evidence shows that this credit was proper, and no effort was made to dispute it. The fourth assignment is but a repetition of the matters contained in the other assignments, and raises the same points for consideration. The determination of them determines it. Third. The court having jurisdiction of the cause, and there being matters of account to be settled, the cause was properly referred to a commissioner. Second. The temporary injunction so far as the County Court was concerned, was probably unnecessary, as the Circuit Court could on mere motion stay the proceedings on the law side thereof until the chancery cause could be heard; but the County Court was not injured by it, and has, therefore, no cause of complaint.

First. The real merits of this controversy arise on the demurrers to the bills, and that is whether they stated a sufficient cause for equitable jurisdiction, or unlawfully interfered with the appellant in the discharge of its legal duties, contrary to public policy and public justice. The bills to invoke equity jurisdiction charge in substance that a defaulting insolvent ex-sheriff, for whom the plaintiff is surety, has taken up with the public funds a large number of county orders, and, instead of having them applied on his indebtedness to the county, is engaged in secretly selling and transferring them, to the prejudice of the rights of his sureties, to third parties, who are seeking to collect them from the county again, the number, amounts, and purchasers of which orders are unknown to the plaintiff; and he therefore asks the assistance of the court to ascertain these matters, to stop the illegal transfer of the orders, and to have them credited as payments on the balance due the county. This certainly states a good cause for equitable interference.

It has been well said : "There is a great variety of circumstances, where equity steps in, for the reason that the law affords no adequate redress, and prevents impending or threatened injury ;" that a "surety occupies ground peculiar to his own relation, and is favored in both legal and equitable tribunals;" that "there is no adequate remedy at law, when the principal debtor is insolvent, by which his effects and credits in the hands of others can be made

to be applied for the benefit of the surety." *McConnell* v. *Scott*, 15 Ohio 403; Brandt. Sur. §§ 223, 224.

The appellant being the creditor was the proper party to any bill filed by the surety regarding the indebtedness; and the court, having once assumed jurisdiction for any just cause, should proceed to do exact justice between the parties. The staying of the proceeding at law could not injure the appellant, and was not done for the purpose of delay, but to secure as credit payments made by the principal, who was endeavoring to secretly dispose of them, and get beyond the reach of his sureties, and securing some of his sureties to the prejudice of others. If the sureties as well as the principal had been insolvent, the appellant would have been insisting that these orders, having once been taken up by the sheriff with public funds, were paid in the manner the law contemplates their payment, and therefore should be cancelled. The sureties have the right to make the same claim, and the appellant has no reason to complain; on the contrary it should have joined hands with the sureties, and endeavored to save them harmless, as far as possible, instead of lending its aid to sustain the wrongful designs of the defaulter.

M. V. Miller, the delinquent sheriff, does not appeal, but filed a brief, relying on the same errors substantially as the appellant. Having answered one, answers both, but, in addition, he adds: "It is insisted that the defendant Miller assigned for the benefit of his said sureties property more than amply sufficient to pay all of his indebtedness mentioned in said assignment, and especially his indebtedness to the state, county and various boards of education of the various districts of the said county. If the plaintiff and the said trustee had gone on and sold the said property, and applied the proceeds thereof according to the stipulation of the said trust deed, without the costs of this suit, the proceeds would have been sufficient to pay said indebtedness." No evidence to show anything of this kind was before the commissioner, and therefore it is useless to make such allegations here. The court is governed by the matters shown in the record, and not by the assertions made in the briefs, unsustained by evidence.

There appears to have been a full and careful hearing of this cause in the Circuit Court, and the decree entered is fair and just to the appellant. It is therefore affirmed, with costs.